UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN TRANSPARENCY, d/b/a OpenTheBooks.com, *Plaintiff,* v. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *Defendant.* | Civil Action No. 21-2821 (APM) |

## ANSWER

Defendant U.S. Department of Health and Human Services, by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff American Transparency, d/b/a/ OpenTheBooks.com, filed on October 25, 2021. ECF No. 1. All allegations not specifically admitted are denied.

## COMPLAINT[1]

The allegations in this unnumbered paragraph constitute Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

---

[1] Merely for ease of reference, this Answer replicates the headings in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to constitute factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

1. The allegations in Paragraph 1 constitute conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA. Defendant further avers that the statutes cited speak for themselves.

2. The allegations in Paragraph 2 constitute conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this judicial district. Defendant further avers that the statute cited speaks for itself.

## PARTIES

3. The allegations in Paragraph 3 constitute Plaintiff's characterization of itself, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. The remainder of the allegations in Paragraph 4 constitute Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits it may be in possession of records responsive to Plaintiff's FOIA requests.

## STATEMENT OF FACTS

5. Defendant admits that the National Institutes of Health ("NIH"), an operating division of the U.S. Department of Health and Human Services, received a FOIA request via email from Plaintiff dated January 28, 2021. The remaining allegations in Paragraph 5 seek to describe or characterize Plaintiff's FOIA request, which speaks for itself. Defendant respectfully refers the

Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

6. Defendant admits that on January 28, 2021, Plaintiff and NIH discussed Plaintiff's January 28, 2021, FOIA request via a telephone conversation. Defendant further admits that on January 28, 2021, NIH received a follow-up email from Plaintiff regarding Plaintiff's January 28, 2021, FOIA request, in which Plaintiff agreed to limit the scope of the FOIA request. The remaining allegations in Paragraph 6 pertain to Plaintiff's email, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that email for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

7. Defendant admits that Plaintiff's FOIA request dated January 28, 2021, was assigned FOIA Case No. 55847 by NIH.

8. Defendant admits that NIH sent a partial response letter dated May 21, 2021, to Plaintiff in response to Plaintiff's January 28, 2021, FOIA request and released 51 pages responsive to the request. The remaining allegations in Paragraph 8 pertain to that letter, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

9. Defendant admits that NIH received a FOIA request from Plaintiff dated May 27, 2021. The remaining allegations in Paragraph 9 seek to describe or characterize Plaintiff's FOIA request, which speaks for itself. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10.     Defendant admits that on June 11, 2021, NIH sent an email to Plaintiff advising Plaintiff that Plaintiff's May 27, 2021, FOIA request was being aggregated with Plaintiff's January 28, 2021, FOIA request.  Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11.     Defendant admits that NIH received a FOIA request from Plaintiff dated September 15, 2021.  The remaining allegations in Paragraph 11 seek to describe or characterize Plaintiff's FOIA request, which speaks for itself.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     Defendant admits that NIH received an email inquiry from Plaintiff regarding Plaintiff's January 28, 2021, and May 27, 2021, FOIA requests, now aggregated together under FOIA Case No. 55847, but avers the email was received on September 15, 2021.  Defendant further admits that NIH responded to Plaintiff's email on September 17, 2021.  The remaining allegations in Paragraph 12 seek to describe or characterize the emails, which speak for themselves. Defendant respectfully refers the Court to the emails for a complete and accurate statement of their content and denies any allegations inconsistent therewith.  Defendant admits that there was no further communication with Plaintiff regarding Plaintiff's January 28, 2021 and May 27, 2021 FOIA requests.

13.     Defendant admits that NIH sent an acknowledgement letter dated September 30, 2021, to Plaintiff in response to Plaintiff's September 15, 2021, FOIA request and assigned it FOIA Case No. 57048.  The remaining allegations in Paragraph 13 pertain to that acknowledgement letter, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers

the Court to that letter for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

14. Defendant admits that there was no further communication regarding Plaintiff's September 15, 2021, FOIA request.

15. Defendant admits that, as of the date of the Complaint, NIH has not made a final determination regarding Plaintiff's requests. Defendant further avers that its search for records potentially responsive to Plaintiff's FOIA request is ongoing. The remainder of the allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

## COUNT I

16. Defendant incorporates by reference its responses to the paragraphs above.

17. The allegations in Paragraph 17 constitute Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 constitute Plaintiff's characterization of this action and Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 constitute Plaintiff's characterization of this action and Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendant hereby denies each and every allegation in the Complaint not expressly admitted or qualified above.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of the litigation.

1. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA.

2. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of records exempt from disclosure under FOIA.

4. Defendant exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

5. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

\*   \*   \*

Dated: November 29, 2021             Respectfully submitted,

                                              MATTHEW M. GRAVES, D.C. Bar #481052
                                              United States Attorney

                                              BRIAN P. HUDAK
                                              Acting Chief, Civil Division

                                   By:  */s/ Diana V. Valdivia*
                                              DIANA V. VALDIVIA
                                              D.C. Bar #1006628
                                              Assistant United States Attorney
                                              555 Fourth Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 252-2545
                                              diana.valdivia@usdoj.gov

                                              *Counsel for Defendant*